THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JIM THEROS,<br><br>        Plaintiff,<br><br>    v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, a California Corporation, and WELLS FARGO, N.A., also known as WACHOVIA MORTGAGE, a division of WELLS FARGO BANK,<br><br>        Defendants. | CASE NO. C10-2021<br><br>ORDER |

This matter comes before the Court on the motion for summary judgment of Defendant Wells Fargo Bank, N.A., (Dkt. No. 5), Plaintiff's response (Dkt. No. 12), Defendant Wells Fargo's reply (Dkt. No. 14), and Plaintiff's surreply (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   BACKGROUND

In November 2007, Plaintiff purchased property with funds borrowed from World Savings Bank, F.S.B. (Compl. ¶ 6 (Dkt. No. 1-1 at 4).) In return, Plaintiff executed a deed of

trust on the property and a promissory note in favor of World Savings Bank. (*Id.*) World Savings Bank subsequently changed its name to Wachovia Mortgage, F.S.B. (Summ. J. Mot. 2 (Dkt. No. 5).) In 2009, Wachovia Mortgage merged into Defendant Wells Fargo. (*Id.*)

Plaintiff defaulted on the loan, and the trustee of the deed of trust initiated non-judicial foreclosure proceedings. (*Id.*) Plaintiff received a notice of trustee's sale that listed Defendant Wells Fargo as the beneficiary of the deed of trust. (Compl. ¶ 7 (Dkt. No. 1-1 at 4).) Plaintiff filed the present action for damages and injunctive relief, alleging that Defendant Wells Fargo does not have the right to foreclose under the deed of trust because it is not the holder of the promissory note and, thus, not the beneficiary of the deed of trust. (*See id.* at ¶ 12.)

## II.    DISCUSSION

### A. Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of the law." Fed. R. Civ. P. 56(a). Under the terms of the rule, a defendant is entitled to move for summary judgment by alleging that the nonmoving party has failed to make a sufficient showing on an essential element of her case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). To overcome such a motion, the plaintiff bears the burden of producing the necessary evidence with respect to the identified element. Such a procedure protects defendants from being forced to expend substantial time and energy litigating claims that are without merit. *Id.* at 323.

The sole basis for Plaintiff's claim is his allegation that Defendant Wells Fargo is not the beneficiary of the deed of trust because it does not hold the promissory note, and, therefore, that

Defendant Wells Fargo could not initiate foreclosure proceedings. The only disputed issue[1] is whether Defendant Wells Fargo holds the promissory note.

As proof that it holds the promissory note, Defendant Wells Fargo submitted a declaration from its assistant custodian of records, Roy Gissendanner. (*See* Gissendanner Decl. (Dkt. No. 7).) In his declaration, Mr. Gissendanner attests that the original promissory note, with Plaintiff's original signature, is located in a secure storage vault in Wachovia Mortgage's service center in San Antonio, Texas. (*Id.* at ¶ 2.) Mr. Gissendanner further attests that Exhibit A, the exhibit attached to his declaration, is a true and correct copy of the original promissory note. (*Id.*)

Plaintiff presents no evidence that Defendant Wells Fargo does not hold the promissory note. Plaintiff instead argues that the Court should disregard Mr. Gissendanner's declaration as hearsay, citing case law on the authentication of electronic business records. (*See* Resp. 2 (Dkt. No. 12).) Plaintiff's argument is off-point. Promissory notes are self-authenticating under Federal Rule of Evidence 902(9). *See Rogan v. Bank One (In re Cook)*, 457 F.3d 561, 566 (6th Cir. 2006); *United States v. Varner*, 13 F.3d 1503, 1509 (11th Cir. 1994); *Pradhan v. Citibank, N.A.*, No. 10-3245, 2011 WL 90235, at *5 (N.D. Cal. Jan. 10, 2011). Mr. Gissendanner's declaration provides an adequate basis for this Court to find that Defendant Wells Fargo holds the promissory note. *See Rogan*, 457 F.3d at 566–67 (holding that there was no genuine disputed issue of fact because the promissory note was self-authenticating under Rule 902(9) and the bank's agent submitted an affidavit verifying its possession of the original).

In his declaration, Plaintiff alleges that Exhibit A to Mr. Gissendanner's declaration is a copy of a copy. (Dkt. No. 9 at ¶ 6.) While Plaintiff makes much of this, it is irrelevant. Mr.

---

[1] Plaintiff asks the Court to strike Defendant's motion for summary judgment, alleging that Defendant Wells Fargo listed a premature noting date. Plaintiff is mistaken. Defendant's calculation of the noting date is accurate.

Gissendanner does not attest that Exhibit A is a new copy of the promissory note made when he examined the original. Mr. Gissendanner simply attests that Exhibit A is a true and correct copy of the promissory note—that it matches the original in Wachovia's archives.

The Court finds there to be no genuine issue of material fact. Wachovia, a division of Defendant Wells Fargo, holds the promissory note. Therefore, Defendant Wells Fargo is the beneficiary of the deed of trust. Accordingly, the Court GRANTS Defendant's motion for summary judgment.

**B. Relief under Rule 56(d)**

Plaintiff seeks relief under Federal Rule of Civil Procedure 56(d)[2] to propound a discovery request and to have an opportunity to inspect the original note. (Resp. 3 (Dkt. No. 12).) For relief under Rule 56(d), a plaintiff must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Plaintiff has not met his burden, for Plaintiff's declaration does not specify any reasons why he cannot currently present facts essential to his opposition of the motion for summary judgment. The Court DENIES Plaintiff's request for relief under Rule 56(d).

**III.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant Wells Fargo's motion for summary judgment (Dkt. No. 5).

DATED this 3rd day of February 2011.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff actually references "CR 56(f)." Plaintiff is presumably referring to Federal Rule of Civil Procedure 56(f), which, as of December 1, 2010, became Rule 56(d).